IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NIESHA BROWN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-08-02888 |
| | § | |
| KASTLE SYSTEMS OF TEXAS LLC, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

Niesha Brown has moved for leave to file an amended complaint to add a new defendant, Kastle Systems International LLC ("Kastle International"), under Rule 15 of the Federal Rules of Civil Procedure. (Docket Entry No. 24). Kastle Systems of Texas LLC ("Kastle Texas") filed a response. (Docket Entry No. 25). Based on the pleadings, the motion, the response, and the applicable law, this court denies Brown's motion for leave to amend her complaint. The reasons are explained below.

**I.      Background**

On September 29, 2008 Brown filed her original complaint against Kastle Systems LLC. Brown alleged that she had exhausted the twelve weeks of work leave provided by the Family Medical Leave Act after brain surgery and was then fired. (Docket Entry No. 1). She alleged disability discrimination, breach of contract, and intentional infliction of emotional distress resulting from the termination of her employment. Brown amended her complaint to add Kastle Texas on October 22, 2008. (Docket Entry No. 5). This court entered a Scheduling and Docket Control Order on January 15, 2009. (Docket Entry No. 10). Under that Scheduling Order, the deadline for amending pleadings was March 6, 2009 and the discovery period ended on August 7, 2009. (Docket

Entry No. 10). Brown filed this motion for leave to amend her complaint on August 21, 2009,[1] seeking to add Kastle International as a defendant. (Docket Entry No. 24).

Brown argues that on July 24, 2009, just before discovery ended, she learned that Kastle International is an appropriate additional defendant. (Docket Entry No. 24). Brown contends that Kastle International and Kastle Texas qualify as her joint employers. (*Id*.). Brown maintains that adding Kastle International will "ensure accountability" and "maximize her potential recovery." (Docket Entry No. 24 at 3).

Kastle Texas argues that because this court's deadline for amending pleadings has expired, Brown's motion to amend should be decided under Rule 16(b). (Docket Entry No. 25). According to Kastle Texas, neither Rule 15(a) nor Rule 16(b) supports Brown's motion. (Docket Entry No. 25 at 3).

## II. The Applicable Legal Standards

### A. Rule 15(a)

Federal Rule of Civil Procedure 15(a) provides that a party may amend its pleadings once at any time before a responsive pleading is served. FED. R. CIV. P. 15(a). A party may also amend its pleadings by leave of court or by written consent of the adverse party. *Id*. The function of this rule is to "enable a party to assert matters that were overlooked or were unknown a the time he interposed the original complaint or answer." 3D CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1473. A party may make a Rule 15(a) amendment to add a party to an action. 6 WRIGHT & MILLER § 1463; *see Wilger v. Dept. of Pensions & Sec.*, 593 F.2d

---

[1] Brown had previously amended her complaint, with leave of court, on October 28, 2008, March 5, 2009 and March 6, 2009. (Docket Entry Nos. 5, 11, 12). Kastle Texas filed two answers, on December 3, 2008 and March 19, 2009 (Docket Entry Nos. 7, 13).

12 (5th Cir. 1979) (holding that plaintiffs should be allowed to amend their complaint, which had been dismissed based on the 11th Amendment and not the merits, to add additional parties).

Courts should "freely give leave when justice so requires." FED. R. CIV. P. 15(a). Leave to amend is not automatic. *See Moody v. FMC Corp.*, 995 F.2d 63, 65 (5th Cir. 1993) ("Whether a party should be allowed to amend his pleadings is a decision that we leave to the sound discretion of the district court, and we review only for an abuse of that discretion"); *see also Combs v. PriceWaterhouse Coopers, LLP*, 382 F.3d 1196, 1205 (10th Cir. 2004) ("It is settled that the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court") (citing *Zenith Radio Corp. v. Hazeltine Research*, 401 U.S. 321 (S. Ct. 1971)). There should be a substantial reason to deny leave to amend. *Jacobsen v. Osbourne*, 133 F.3d 315, 318 (5th Cir. 1998). Courts consider whether there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of the amendment." *Foman v. Davis*, 371 U.S. 178, 182 (S. Ct. 1962); *Southmark Corp. v. Schulte Roth & Zabel (In re Southmark Corp.)*, 88 F.3d 311 (5th Cir. 1996) (affirming court's denial of appellant's motion for leave to file a second amended complaint for reasons of unreasonable delay and prejudice).

### B.     Rule 16(b)

Federal Rule of Civil Procedure 16 provides for the creation of pretrial conferences "as a means to familiarize the litigants and the court with the issues actually involved in a lawsuit so the parties can accurately appraise their cases and substantially reduce the danger of surprise at trial." 6A WRIGHT & MILLER § 1522. Rule 16(b) states that a district court must enter a scheduling order setting deadlines for subsequent proceedings in the case, including amendments to the pleadings.

3

*See* FED. R. CIV. P. 16(b)(1).[2]  By limiting the time for amendments to pleadings, Rule 16(b) is designed to ensure that "at some point both the parties and the pleadings will be fixed." FED. R. CIV. P. 16(b) Committee Note (1983).  Under Rule 16(b), a party seeking to modify a scheduling order must show good cause.  *See* FED. R. CIV. P. 16(b); *Reliance Ins. Co. v. Louisiana Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997); *Barrett v. Atlantic Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996).  This good cause standard focuses on the diligence of the party asking the court to modify the scheduling order.  *S&W Enters. v. Southtrust Bank of Ala.*, 315 F.3d 533, 535 (5th Cir. 2003) (quoting 6A WRIGHT & MILLER § 1522.1).  To demonstrate good cause, the movant must show that, despite diligence, he could not have reasonably met the scheduling deadline. 6A WRIGHT & MILLER § 1522.1 at 231 (2d ed.1990).  In *S&W Enterprises, L.L.C. v. Southtrust Bank of Alabama*, the Fifth Circuit extended the four-part balancing test previously applied to the untimely submission of expert reports to untimely motions to amend pleadings.  *S&W Enterprises,* 315 F.3d at 536.  The test consists of the following factors: "(1) the explanation for the failure [to timely move to amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice." *Id.* (quoting *Reliance Ins. Co. v. La. Land & Exploration Co.*, 110 F.3d 252, 257 (5th Cir. 1997)).

---

[2]  The text of Rule 16(b) in relevant part is:

> Scheduling and Conferencing. Except in categories of actions exempted by district court rule as inappropriate, the judge...shall, after consulting with the attorneys for the parties and any unrepresented parties, by a scheduling conference . . .enter a scheduling order that limits the time
> > (1) to join other parties and amend the pleadings;
> > (2) to file and hear motions; and
> > (3) to complete discovery.
>
> The scheduling order also may include
> > (4) the date or dates for conferences before trial, a final pretrial conference, and trial; and
> > (5) any other matters appropriate in the circumstances of the case.

The Rule 16(b) good cause standard, rather than the "freely given" standard of Rule 15(a), governs a motion to amend filed after the deadline set in the scheduling order; at that point, only when the moving party has shown good cause does Rule 15(a) apply. *S&W Enters.*, 315 F.3d at 536 (5th Cir. 2003) ("We take this opportunity to make clear that Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired. Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standards of 15(a) apply to the district court's decision to grant or deny leave.").

### III.    Analysis

Under this court's Scheduling Order, the deadline for motions to add new parties and motions to amend pleadings was March 6, 2009. "Parties filing motions after this date must show good cause." (Docket Entry No. 10). The standard for good cause under Rule 16(b) requires the moving party to show that, despite diligence, she could not have reasonably met the scheduling deadline. "[I]n the absence of some showing of why an extension is warranted, the scheduling order shall control." 6A WRIGHT & MILLER § 1522.1 at 231.

Kastle Texas asserts that Brown has not shown good cause sufficient for granting an untimely motion and that her motion to amend should be denied without reaching the Rule 15 "freely given" standard. (Docket Entry No. 25). Brown does not address the Rule 16(b) good cause standard in her motion for leave to amend. She argues only that Rule 15 allows her to move for leave to amend to add an additional defendant. (Docket Entry No. 24). Brown claims that she "learned that there are facts sufficient to support her contention that Kastle Systems International LLC is an appropriate party to this lawsuit" on July 24, 2009, approximately five months after the deadline set in the Scheduling Order. (Docket Entry No. 24 at 2-3). Brown states that she "made every effort to properly name the culpable defendant in this case" and only after completing

5

discovery learned that Kastle International and Kastle Texas were her joint employers. (Docket Entry No. 24 at 2).

The record does not support Brown's argument. Brown testified in her deposition that she received her termination letter from Donna Saunders. (Docket Entry No. 25, Ex. A). The letter, attached as an exhibit to Saunders's deposition, included "Kastle Systems International" on the line above the signature. (Docket Entry No. 24, Ex. A-1 at 2). This letter is dated March 13, 2007, over one year before Brown's original complaint was filed. (*Id*.; Docket Entry No. 1). Brown also received a letter from Reliance Standard Life Insurance Company on March 19, 2007 listing "Kastle Systems International LLC" as the policyholder of her long-term disability benefits. (Docket Entry No. 24, Ex. A-1 at 3). Kastle Texas notified Brown that "Kastle Systems International" is its parent company in its "Certificate of Interested Parties" filed on October 22, 2008. (Docket Entry No. 4). Brown does not identify the new information she obtained in July 2009 nor does she explain why the information she had much earlier was insufficient. Brown has not shown the good cause required by Rule 16(b) for this court to grant her leave to amend her pleadings. Brown's motion is denied.

**IV.   Conclusion**

Brown's motion for leave to amend her complaint is denied.

SIGNED on September 23, 2009, at Houston, Texas.

_____
                        Lee H. Rosenthal
                        United States District Judge